```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MD. A. AHMED,                                                          :
                                                                       :
                                    Plaintiff,                         :
                                                                       :         24-cv-03974 (LJL)
              -v-                                                      :
                                                                       :      MEMORANDUM AND
RAFAEL LOPEZ and NATIONAL FREIGHT INC.,                                :           ORDER
                                                                       :
                                    Defendants.                        :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2024

LEWIS J. LIMAN, United States District Judge:

The Court *sua sponte* considers its subject matter jurisdiction and, finding that it is lacking, remands the case to the Supreme Court of the State of New York, Bronx County.

This case was originally commenced on or about January 12, 2023 in the Supreme Court of the State of New York, Bronx County. Dkt. No. 1-1. On or about May 23, 2024, Defendant NFI Interactive Logistics, LLC s/h/a "National Freight Inc." ("NFI"), removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. No. 1 ¶ 3.[1]

"To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (citing 28 U.S.C. § 1446). Complete diversity is required. *See id.*; *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). "For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members." *Stevens & Co., LLC v. Espat*, 2024 WL 3551158, at *2 (S.D.N.Y. July 26, 2024). NFI is a limited liability company but it does not identify its

---

[1] NFI's notice of removal states that the remaining defendant, Rafael Lopez, has not yet been served with the summons or complaint. Dkt. No. 1 ¶ 15.

members or the citizenship of those members. Diversity is therefore improperly pleaded and the case is remanded to the Supreme Court of the State of New York, Bronx County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019) ("[I]n a removal case with improperly pleaded citizenship" the district court may "remand[] the case to state court . . . [or] exercise[] its discretion to order further discovery to determine whether there was complete diversity of citizenship.").[2]

The Clerk of Court is respectfully directed to REMAND this action to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.

Dated: October 17, 2024
      New York, New York

LEWIS J. LIMAN
United States District Judge

---

[2] On October 16, 2024, NFI filed a letter stating that it "does not have any objection to the Court remanding this case to state court." Dkt. No. 14.